**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| FERNANDO CHACON,<br>    *Plaintiff*,<br><br>v.<br><br>WALMART,<br>    *Defendant*. | §<br>§<br>§   Civil Action No. \_\_3:22-CV-00294_____<br>§<br>§<br>§<br>§<br>§ |

## WALMART'S NOTICE OF REMOVAL

1. This Notice of Removal is filed under 28 U.S.C. § 1441 based on diversity of citizenship.

### I. INTRODUCTION

2. This case was filed in state court and assigned to the 243rd Judicial District under Cause No. 2022-DCV-1511.[1]

3. Plaintiff asserts a state-law claim for negligence, alleging that "negligent, careless, or reckless acts and omissions" by Walmart occurred in connection with an incident in which a Walmart employee allegedly "assaulted Plaintiff for seeking a refund and knocking on the door of the manager after the employee had told Plaintiff to look for the manager himself as the employee refused to call manager."[2]

4. Walmart answered in state court[3] and reserves the right to plead further as permitted.

5. This Notice of Removal is being served on Plaintiff and filed with the state court clerk.

6. All documents filed in state court are attached as Exhibit A.

### II. BASIS FOR REMOVAL

7. This removal is based on diversity of citizenship under 28 U.S.C. § 1441(a)-(b).

---

[1] *See* Exh. A, Plaintiff's Original Petition, P. 1.

[2] *Id*., ¶ 15 (facts alleged); ¶ 17 (negligence claim).

[3] *See* Exh. A, Walmart's Answer.

### A. Diversity of Citizenship

8. Plaintiff is a Texas citizen. His address is 730 Hemphill, El Paso, Texas,[4] which is a residence owned by Plaintiff and which Plaintiff claims as a homestead.[5] Further, Plaintiff is licensed to practice law in Texas, has been so licensed since 1983, and his primary practice is located in El Paso, Texas.[6]

9. Defendant is not a Texas citizen. That is, Walmart Stores Texas, LLC (the proper entity[7]) is a limited liability company which was formed under the laws of the State of Delaware and whose principal place of business is in Bentonville, Arkansas. Wal-Mart Real Estate Business Trust is the sole member of Walmart Stores Texas, LLC. Wal-Mart Property Co. is the sole unit holder of Wal-Mart Real Estate Business Trust. Wal-Mart Stores East, LP is the sole owner of Wal-Mart Property Co. Wal-Mart Stores East, LP is a limited partnership which was formed under the laws of the State of Delaware and whose principal place of business is in Bentonville, Arkansas. WSE Management, LLC is the sole general partner, and WSE Investment, LLC is the sole limited partner, of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are both limited liability companies which were formed under the laws of the State of Delaware and whose principal place of business is in Bentonville, Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is a limited liability company whose principal place of business is in Bentonville, Arkansas. Wal-Mart Stores, Inc. is the sole

---

[4] *See* Exh. A, Plaintiff's Original Petition, ¶ 2.

[5] Exh. B, El Paso Central Appraisal District document. *See also MidCap v. Pathway*, 929 F.3d 310, 313 (5th Cir. 2019) ("Citizenship requires...'the purpose to make the place of residence one's home'").

[6] Exh. C, State Bar of Texas document.

[7] *See* Exh. A, Walmart's Answer, P. 1.

member of Wal-Mart Stores East, LLC. Wal-Mart Stores, Inc. is a corporation which was formed under the laws of the State of Delaware and whose principal place of business is in Bentonville, Arkansas.[8]

10. Thus, the parties are diverse under 28 U.S.C. § 1332(a)(1).

### B. Amount in Controversy

11. For a diversity case to be removable, the amount in controversy must exceed $75,000.[9]

12. Plaintiff has pled that he "intends that discovery be conducted under Discovery Level 2."[10] In Texas state court, Level 1 applies to expedited actions,[11] that is, cases where no more than $250,000 is sought,[12] Level 2 applies where neither Level 1 nor Level 3 applies,[13] and Level 3 applies where the court orders that discovery be "tailored to the circumstances of the specific suit."[14] As a result, because Level 1 is mandatory in cases seeking no more than $250,000,[15] Level 2 applies only where more than $250,000 is sought. Notably, although an exception to

---

[8] Exh. D, Affidavit of Geoffrey W. Edwards, ¶ 3-4. *See also Marquez v. Walmart*, No. 3:18-CV-00302, n. 1 and accompanying main text (W.D. Tex. Jan. 8, 2019) (finding that Walmart Stores Texas, LLC is a citizen of states other than Texas). Note: Wal-Mart Stores, Inc. is now known as Walmart Inc., *see* Exh. E. This name change does not affect the analysis herein.

[9] 28 U.S.C. §§ 1441 and 1332(a).

[10] Exh. A, Plaintiff's Original Petition, ¶ 1.

[11] *See* Tex. R. Civ. P. 190.2(a)(1) ("[Level 1 applies to] any suit that is governed by the expedited actions process in Rule 169").

[12] *See* Tex. R. Civ. P. 169(a) (providing that "expedited actions process" applies to cases where no more than $250,000 is sought).

[13] *See* Tex. R. Civ. P. 190.3(a) ("Unless a suit is governed by a discovery control plan under Rules 190.2 [Level 1] or 190.4 [Level 3], discovery must be conducted in accordance with [Level 2]").

[14] *See* Tex. R. Civ. P. 190.4(a) ("The court must, on a party's motion, and may, on its own initiative, order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of the specific suit").

[15] *See* Tex. R. Civ. P. 169, 2013 cmt 2 ("The expedited actions process created by Rule 169 is mandatory; any suit that falls within the definition of 169(a)(1) [i.e., seeks no more than $250,000] is subject to the provisions of the rule," including 169(d)(1), which provides that "[d]iscovery is governed by Rule 190.2 [i.e., Level 1]").

the expedited actions process can be made "on motion and a showing of good cause,"[16] no such exception was sought by Plaintiff.[17] Thus, because this case has been pled as a Level 2 case, the amount in controversy necessarily exceeds $250,000, far exceeding the amount required for federal diversity jurisdiction.

13. And while Plaintiff also states that he seeks "only monetary relief of $250,000 or less,"[18] he nowhere states or suggests that he seeks $75,000 or less; that is, he does not state that he seeks less than the amount required for federal diversity jurisdiction.

### C. Venue

14. The El Paso Division of the Western District of Texas embraces the place where the state case was pending; thus, venue is proper under 28 U.S.C. §§ 1441(a) and 124(d)(3).

### D. Timeliness

15. Walmart was served with suit on August 8, 2022,[19] less than 30 days ago. Thus, removal is timely under 28 U.S.C. 1446(b)(1).

### III. JURY DEMAND

16. Walmart asked for a state court jury trial and asks for a jury trial in this Court.

### IV. CONCLUSION

17. Wherefore, Walmart asks that this case be placed on the Court's docket and for any other relief to which Walmart may be justly entitled at law or in equity.

---

[16] *See* Tex. R. Civ. P. 169(c)(1)(A) (providing that a case can be removed from the expedited actions process "on motion and a showing of good cause").

[17] *See* Exh. A, Plaintiff's Original Petition, ¶¶ 1-25 (no exception to expedited actions process sought).

[18] *See id.*, ¶ 6.

[19] Exh. F, state court docket sheet.

Respectfully submitted,

**MOUNCE, GREEN, MYERS, SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas  79999-1977
Phone: (915) 532-2000
Telefax: (915) 541-1597
Email: enriquez@mgmsg.com


By:  ___/s/ *Laura Enriquez*_____
Laura Enriquez
State Bar No. 00795790

Attorneys for Walmart

## CERTIFICATE OF SERVICE

In compliance with the Federal Rules of Civil Procedure, I certify that on this 24th day of August, 2022, a true and correct copy of the foregoing document was served electronically on: Fernando Chacon, 730 Hemphill Ct., El Paso, Texas 79907, attorney.fchacon@yahoo.com.


_____*/s/ Laura Enriquez*___
Laura Enriquez