UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **FERNANDO CHACON,** § | |
| *Plaintiff,* § | |
| § | |
| vs. § | **CAUSE NO.:** EP-22-CV-00294-KC |
| § | |
| **WALMART,** § | |
| *Defendant.* § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Fernando Chacon, herein called Plaintiff, complaining of and about Walmart, hereinafter called Defendant, and for the cause of action would show unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff, Fernando Chacon, is an individual whose address is 730 Hemphill, EI Paso, Texas 79907.

2. The last three numbers of Fernando Chacon's driver's license number are 035. The last three numbers of Fernando Chacon's social security number are 084.

3. Defendant Walmart, a Corporation based in Texas, is organized under the laws of the State of Texas, and service of process on the Defendant may be effected pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the Managing Member of the corporation, Walmart, at 8115 North Loop, El Paso, Texas, 78807. Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. Plaintiff seeks only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.

6. This court has jurisdiction over the parties because Defendant is a Texas resident.

7. Venue in El Paso County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

8. At all times material hereto, Defendant Walmart was the owner of the premises located at 8115 North Loop Dr., El Paso, Texas 79907.

9. On or about May 26, 2021, Fernando Chacon was an Invitee on property controlled by Defendant, and was injured under the following circumstances: Employee refused to call manager after Plaintiff asked to speak to the manager, and an employee said for Plaintiff to go find the manager. Plaintiff then went and knocked on the door where the manager is located. While knocking on the door, the employee assaulted Plaintiff by grabbing Plaintiff's arm and pulling it back causing Plaintiff great pain in his arm and his foot he had an open wound.

## LIABILITY OF DEFENDANT WALMART

10. At all times mentioned herein, Defendant Walmart owned the property in question, located at 8115 North Loop Dr., El Paso, Texas 79907.

11. At all times mentioned herein, Defendant Walmart had such control over the premises in question that Defendant Walmart owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

12. On or about May 26, 2021, Fernando Chacon was an Invitee on the premises owned by Defendant when Fernando Chacon was injured as a result of the acts and omissions of Defendant.

## LIABILITY OF DEFENDANT WALMART
## FOR NEGLIGENT CONDUCT OF ACTIVITY ON THE PREMISES

13. On the date that Fernando Chacon was injured, Defendant was conducting or permitting shopping to occur on Defendant's premises.

14. Defendant failed to conduct such activity in a safe and reasonable manner, a manner which created or perpetuated a danger to Fernando Chacon and others, in that Defendant's employee assaulted Plaintiff for seeking a refund and knocking on the door of the manager after the employee had told Plaintiff to look for the manager himself as the employee refused to call manager.

15. Fernando Chacon was injured by or as a result of the negligent conduct of that activity when the employee assaulted Plaintiff with the intent of discouraging him to seek his refund.

16. The negligent, careless, or reckless acts and omissions of Defendant Walmart consisted of one or more of the following:

    A. Defendant failed to provide necessary and proper procedures;

    B. Defendant failed to train guards and other employees in proper safety, security, and protection procedures; and

    C. Defendant failed to warn Fernando Chacon of the unsafe condition.

**PROXIMATE CAUSE**

17. Each and every, all, and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

**EXEMPLARY DAMAGES**

18. Defendant Walmart had a specific intent to cause substantial injury or harm to Plaintiff and to cause him to have monetary loss and to prevent him from getting information.

19. Plaintiff would show that on the occasion in question Defendant Walmart made certain representations to Plaintiff with the intention of inducing Plaintiff to rely upon such representations when Defendant knew such representations were false. Plaintiff would show that Plaintiff relied upon such representations believing them to be true and suffered severe damages as a result.

20. Defendant Walmart's acts or omissions described above, when viewed from the standpoint of Defendant Walmart at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant Walmart had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

21. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant Walmart.

## DAMAGES FOR PLAINTIFF, FERNANDO CHACON

22. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff, Fernando Chacon was caused to suffer embarrassment and mental anguish, and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

23. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Fernando Chacon has incurred the following damages:

   A. Physical pain and suffering in the past;

   B. Mental anguish in the past;

   C. Mental anguish in the future; and

   D. Loss of earnings in the past.

24. By reason of the above, Plaintiff, Fernando Chacon has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## DEMAND FOR JURY TRIAL

25. Plaintiff hereby demands trial by jury for all causes of action, claims, or issues in this action that are triable as a matter of right to a jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Fernando Chacon, respectfully prays that Defendant is cited to appear and answer herein and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-

judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

November 16, 2022					Respectfully submitted,

					 */s/ Fernando Chacon*
					FERNANDO CHACON, *Pro Se*
					730 Hemphill Court
					El Paso, TX 79907
					(915) 542-3850
					attorney.fchacon@yahoo.com

## CERTIFICATE OF SERVICE

This is to certify that on November 16, 2022, a true and correct copy of the foregoing is being served upon the following via the eFiling system, to wit:

LAURA ENRIQUEZ, ESQ.
State Bar No. 00795790
MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN, P.C.
P. O. Drawer 1977
El Paso, Texas 79999
Phone: (915) 532-2000
enriquez@mgmsg.com
*Attorney for Defendant*
WAL-MART, INC.

> */s/ Fernando Chacon*
> FERNANDO CHACON, *Pro Se*